**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES WILLSTROP and SAURAV GHOSAL,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Case No.: |
| ) | |
| PRINCE MARKETING LLC, PRINCE GLOBAL ) | |
| SPORTS LLC, WAITT BRANDS, ATHLETIC    ) | |
| BRANDS HOLDING COMPANY and    ) | |
| AUTHENTIC BRANDS GROUP,    ) | |
| ) | |
| Defendants.    ) | |

## COMPLAINT

NOW COME Plaintiffs, JAMES WILLSTROP and SAURAV GHOSAL, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for its Complaint against Defendants, PRINCE MARKETING LLC ("Prince Marketing"), PRINCE GLOBAL SPORTS LLC ("Prince Global"), AUTHENTIC BRANDS GROUP ("Authentic Brands"), ATHLETIC BRANDS HOLDING COMPANY ("Athletic Brands") and WAITT BRANDS ("Waitt") states as follows:

### JURISDICTION AND VENUE

1.    This Court has Diversity Jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and citizens of foreign states and the amount in controversy exceeds the sum or value of $75,000.00.

2.    This Court has supplemental subject-matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

4.     Plaintiff, James Willstrop ("Willstrop"), is a professional squash player based in the United Kingdom and formerly ranked World No. 1 in professional squash by the Professional Squash Association World Rankings. As of the date of filing, Willstrop is the eleventh ranked player in the World.

5.     Plaintiff, Saurav Ghosal ("Ghosal"), is a professional squash player based in India.  As of the date of filing, Ghosal is the twenty-fourth ranked professional squash player in the World.

6.     Defendant, Prince Marketing, is a New Jersey corporation in the business of marketing equipment and supplies produced by Prince Global Sports LLC.

7.     Defendant, Prince Global, is a Georgia corporation, an Affiliate Company of Waitt, and a Subsidiary Company of Athletic Brands in the business of manufacturing and distributing racket sports equipment, footwear, and apparel.

8.     Defendant, Authentic Brands, is a New York corporation in the business of brand management and licensing, and owner of Prince Global Sports, LLC.

9.     Defendant, Waitt, is a Nebraska corporation in the business of marketing and brand management and licensee of Prince Global.

10.     Defendant,, Athletic Brands is a Holding Company in which Waitt has a majority interest that owns Prince Global.

## COMMON FACTUAL ALLEGATIONS

11.     On August 16, 2012, Willstrop entered into "Pro Player Contract (Squash)" endorsement contract ("Player Contract"), with Prince Marketing/Prince Global (collectively,

2

"Prince"). In summary, the Player Contracts provided for annual payments due to Willstrop for the endorsement of Prince products, as well as performance-based bonuses for participation in various tournaments. Upon information and belief, at that time the Prince "brand" was owned by Authentic Brands, but was being operated/managed in cooperation with Waitt and Athletic Brands. Willstrop's Player Contract is attached hereto as Exhibit 'A'.

12.      On August 16, 2012, Ghosal entered into a "Pro Player Contract (Squash)" endorsement contract ("Player Contract"), with Prince Marketing/Prince Global (collectively, "Prince"). In summary, the Player Contracts provided for annual payments due to Ghosal for the endorsement of Prince products, as well as performance-based bonuses for participation in various tournaments. Upon information and belief, at that time the Prince "brand" was owned by Authentic Brands, but was being operated/managed in cooperation with Waitt and Athletic Brands. Ghosal's Player Contract is attached hereto as Exhibit 'B'.

13.      On September 24, 2015, Willstrop submitted an invoice for money owed pursuant to the Player Contracts for the year 2015 in the amount of $15,333.33. A copy of the September 2015 invoice is attached hereto as Exhibit 'C'.

14.      On September 25, 2015, Ghosal submitted an invoice for money owed pursuant to the Player Contracts for the year 2015 in the amount of $5,600.00.   A copy of the September 2015 invoice is attached hereto as Exhibit 'D'.

15.       On January 28, 2016, a written demand for payment was made to Prince by both Willstrop and Ghosal.  Prince apologized for the "huge delay in player payments", and further stated "I need to assure you that your payment is not in jeopardy and will be paid... I cannot give you the exact reasons for non-payment up until now but I can say that there [are]

positive things about to happen with the brand that will all us to free up cash in order to make these payments." The January 28, 2016 correspondence is attached hereto as Exhibit 'E'.

16.     On April 29, 2016, in response to further demand for payment, Prince advised that Waitt, the "operators of the brand...handed back the license to [Authentic Brands] and [Authentic Brands] are being forced to manage/operate Prince until they can find a new solution."

17.     Further demands for payment were made upon each Defendant in June 2016, July 2016, and August 2016. On December 29, 2016, Defendants advised that no payment would be made to Willstrop and Ghosal.

18.     Despite Defendants' outright refusal to make payment to Willstrop and Ghosal and the resulting breach of Contract, Defendants have continued to use Willstrop's and Ghosal's name, likeness, and reputation in connection with the marketing, advertising and sale of Prince's commercial products on Prince's official website and social media platforms, including but not limited to YouTube and Facebook.

19.     As of the date of filing, Prince's website, *www.princesquash.com*, continues to display photographs of Plaintiffs promoting sponsorship through Prince, and the direct sale of its products in Prince's "Indoor Collection 2016/17" catalogue. See Group Exhibit 'F'.

20.     As of the date of filing, Prince's YouTube.com channel, *https://www.youtube.com/user/PrinceSquash1*, hosts videos featuring Plaintiffs advertising Prince products, including a video entitled "Prince Squash James Willstrop Professional Squash Player" (which includes in the video description, "Check out Games Willstrop, a Prince Squash athlete. His choice of racquet is the Pro Tour 850"). The video, which is 77

4

seconds in length, includes Willstrop's endorsement of Prince, and his commentary on the quality of Prince racquets and products.

21.    Prince's YouTube channel includes a video entitled "James Willstrop – Prince Squash" (which includes in the video description, "official player of Prince Squash"). The video, which is three minutes in length, includes Willstrop's endorsement and use of Prince equipment, and the quality of specific racquet models.

22.    Prince's YouTube channel includes a video entitled "Saurav Ghosal – Prince Squash" (which includes in the video description, "official player of Prince Squash"). The video, which is approximately 2 minutes and 34 seconds in length, includes Ghosal's endorsement of Prince racquets and commentary regarding how Prince racquets improve his athletic performance.  See Group Exhibit 'G'.

23.    As of the date of filing, the "Official Prince Squash Facebook", *https://www.facebook.com/princesquash*, hosts photographs of Plaintiffs used in connection with advertisement of Prince products. See Group Exhibit 'H'.

24.    As of the date of filing, Defendants continue to use Plaintiffs' name and likeness in connection with the advertising and sale of Prince products. Plaintiffs have no present agreement with Defendants allowing for the use of their name or likeness in connection with Prince products.

## COUNT I – James Willstrop – Breach of Contract

25.    Plaintiff Willstrop incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

26.    By agreeing to the terms of the Player Contract, Defendants entered into a contractual agreement with Willstrop, whereby upon demand by Willstrop, Defendants were to

pay Willstrop an Annual Retainer and Tournament and Ranking Bonuses. Pursuant to Paragraph 17(a)(1) of the Player Contract, payment was due within thirty (30) days of written demand by Willstrop, or October 24, 2015.  Defendants breached their contractual duties by failing to timely pay Willstrop pursuant to the terms of the Player Contract.

27.     As a result of the aforementioned breach of contract, Willstrop has sustained damages in excess of the jurisdictional minimum.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, PRINCE MARKETING LLC, PRINCE GLOBAL SPORTS LLC, AUTHENTHIC BRANDS GROUP, ATHLETIC BRANDS HOLDING COMPANY and WAITT BRANDS, in an amount in excess of the jurisdictional minimum plus interest and attorneys' fees and costs associated with prosecuting this Suit, and any other relief that this Court deems reasonable and proper.

### COUNT II – Saurav Ghosal – Breach of Contract

28.     Plaintiff Ghosal incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

29.     By agreeing to the terms of the Player Contract, Defendants entered into a contractual agreement with Ghosal, whereby upon demand by Ghosal, Defendants were to pay Ghosal an Annual Retainer and Tournament and Ranking Bonuses. Pursuant to Paragraph 17(a)(1) of the Player Contract, payment was due within thirty (30) days of written demand by Ghosal, or October 25, 2015.  Defendants breached their contractual duties by failing to timely pay Ghosal pursuant to the terms of the Player Contract.

30.     As a result of the aforementioned breach of contract, Ghosal has sustained damages in excess of the jurisdictional minimum.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, PRINCE MARKETING LLC, PRINCE GLOBAL SPORTS LLC, AUTHENTHIC BRANDS GROUP, ATHLETIC BRANDS HOLDING COMPANY and WAITT BRANDS, in an amount in excess of the jurisdictional minimum plus interest and attorneys' fees and costs associated with prosecuting this Suit, and any other relief that this Court deems reasonable and proper.

### COUNT III – James Willstrop – Violation of the Illinois Right of Publicity Act

31.     Plaintiff Willstrop incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

32.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

33.     The Illinois Right of Publicity Act ("Right of Publicity Act") states, in relevant part, the following:  (a) person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative." 765 ILCS 1075/30.

34.     Regarding damages, Section 40 the Right of Publicity Act states in relevant part as follows:

> (a) A person who violates Section 30 of this Act may be liable for either of the following, whichever is greater:

(1) Actual damages, profits derived from the unauthorized use, or both; or

(2) $1,000.

(b) Punitive damages may be awarded against a person found to have willfully violated Section 30 of this Act.

35.     Section 50 of the Right of Publicity Act permits this Court to issue injunctive relief, including "such temporary restraining orders, preliminary injunctions, and permanent injunctions as may be appropriate under this Act."

36.     Section 55 of the Right of Publicity Act permits this Court to "award to the prevailing party reasonable attorney's fees, costs, and expenses relating to an action under this Act."

37.     Defendants do not have a written consent to use Plaintiffs' name and/or likeness in connection with the commercial advertising/marketing of Prince products.

38.      Defendants willfully violated the Right of Publicity Act and Plaintiff is entitled to actual damages, punitive damages and attorneys' fees and costs for bringing this claim.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs' as actual damages, including, but not limited to, all of the following sums:

    i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

    ii.     All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages for willful violation of The Right of Publicity Act;

8

D.      Attorney fees;

E.      The costs of this action including, but not limited to, expert fees;

F.      Enjoining Defendants from using Plaintiffs' name and the likeness and/or
tradename; and

G.      Such other and further relief as the Court deems proper.


**COUNT I V – Saurav Ghosal – Violation of the Illinois Right of Publicity Act**

39.     Plaintiff Ghosal incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

40.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

41.     The Illinois Right of Publicity Act ("Right of Publicity Act") states, in relevant part, the following: (a) person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative." 765 ILCS 1075/30

42.     Regarding damages, Section 40 the Right of Publicity Act states in relevant part as follows:

(a) A person who violates Section 30 of this Act may be liable for either of the
following, whichever is greater:

(1) Actual damages, profits derived from the unauthorized use, or both; or

(2) $1,000.

> (b) Punitive damages may be awarded against a person found to have willfully violated Section 30 of this Act.

43.     Section 50 of the Right of Publicity Act permits this Court to issue injunctive relief, including "such temporary restraining orders, preliminary injunctions, and permanent injunctions as may be appropriate under this Act."

44.     Section 55 of the Right of Publicity Act permits this Court to "award to the prevailing party reasonable attorney's fees, costs, and expenses relating to an action under this Act."

45.     Defendants do not have a written consent to use Plaintiffs' name and/or likeness in connection with the commercial advertising/marketing of Prince products.

46.      Defendants willfully violated the Right of Publicity Act and Plaintiff is entitled to actual damages, punitive damages and attorneys' fees and costs for bringing this claim.

WHEREFORE, Plaintiff, SAURAV GHOSAL, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

    i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement;

    ii.     All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages for willful violation of the Right of Publicity Act;

D.     Attorney fees;

E.     The costs of this action including, but not limited to, expert fees;

F.     Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename; and

G.     Such other and further relief as the Court deems proper.

## COUNT V – James Willstrop – Violation of the Illinois Deceptive and Uniform Trade Practices Acts

39.     Plaintiff Willstrop incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

40.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

41.     Defendants' acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*, and the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*, in that Defendants' actions created a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince.

42.     Defendants' conduct in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act was willful and outrageous, perpetrated with reckless indifference to the rights of others.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation pursuant to 815 ILCS 505/10a;

B.     An accounting for, and payment to the Plaintiffs as actual damages pursuant to 815 ILCS 505/10a, including but not limited to, all of the following sums:

     i.      All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

     ii.      All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages for willful violation pursuant to 815 ILCS 505/10a;

D.     Attorney fees pursuant to 815 ILCS 505/10a;

E.     The costs of this action including, but not limited to, expert fees pursuant to 815 ILCS 505/10a;

F.     Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename pursuant to 815 ILCS 510/3;  and

G.     Such other and further relief as the Court deems proper.

### COUNT VI – Saurav Ghosal– Violation of the Illinois Deceptive and Uniform Trade Practices Acts

43.     Plaintiff Ghosal incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

44.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

45.     Defendants' acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*, and the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*, in that Defendants' actions created a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince.

12

46.     Defendants' conduct in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act was willful and outrageous, perpetrated with reckless indifference to the rights of others.

WHEREFORE, Plaintiff, SAURAV GHOSAL, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation pursuant to 815 ILCS 505/10a;

B.     An accounting for, and payment to the Plaintiffs as actual damages pursuant to 815 ILCS 505/10a, including but not limited to, all of the following sums:

    i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

    ii.     All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages for willful violation pursuant to 815 ILCS 505/10a;

D.     Attorney fees pursuant to 815 ILCS 505/10a;

E.     The costs of this action including, but not limited to, expert fees pursuant to 815 ILCS 505/10a;

F.     Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename pursuant to 815 ILCS 510/3;  and

G.     Such other and further relief as the Court deems proper.


### COUNT VII – James Willstrop – Violation of Section 43(a) Lanham Act

47.     Plaintiff Willstrop incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

13

48.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

49.     Defendants' unauthorized use of Plaintiff's image in connection with its advertisements was a false or misleading representation of fact that falsely implies that Plaintiff endorses Defendants' products and created a likelihood of confusion, mistake, misunderstanding, and/or deception as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and misrepresents the nature, characteristics, or qualities of Defendants' products or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

50.     Defendants' conduct in violation of Section 43(a) of the Lanham Act was willful and outrageous, perpetrated with reckless indifference to the rights of others, and is exceptional pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1117.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

   i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement;

   ii.     All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Treble damages pursuant to Section 43(a) of the Lanham Act;

D.      Attorney fees pursuant to Section 43(a) of the Lanham Act;

E.      The costs of this action including, but not limited to, expert fees pursuant Section 43(a) of the Lanham Act;

F.      Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename pursuant to Section 43(a) of the Lanham Act; and

G.      Such other and further relief as the Court deems proper.

## COUNT VIII – Saurav Ghosal – Violation of Section 43(a) Lanham Act

51.     Plaintiff Ghosal incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

52.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

53.     Defendants' unauthorized use of Plaintiff's image in connection with is advertisements was a false or misleading representation of fact that falsely implies that Plaintiff endorses Defendant's products and created a likelihood of confusion, mistake, misunderstanding, and/or deception as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and misrepresents the nature, characteristics, or qualities of Defendants' products or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

54.     Defendants' conduct in violation of Section 43(a) of the Lanham Act was willful and outrageous, perpetrated with reckless indifference to the rights of others, and is exceptional pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1117.

WHEREFORE, Plaintiff, SAURAV GHOSAL, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.    Compensatory damages in the form of damage to reputation;

B.    An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

    i.    All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

    ii.    All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.    Treble damages pursuant to Section 43(a) of the Lanham Act;

D.    Attorney fees pursuant to Section 43(a) of the Lanham Act;

E.    The costs of this action including, but not limited to, expert fees pursuant to Section 43(a) of the Lanham Act;

F.    Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename pursuant to Section 43(a) of the Lanham Act; and

G.    Such other and further relief as the court deems proper.

## COUNT IX – James Willstrop – Common Law Unfair Competition

55.    Plaintiff Willstrop incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

56.    Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

57.    Defendants' acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the common law of the State of Illinois in that

16

Defendants' actions created a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince.

58.     Defendants' conduct in violation of the common law of the State of Illinois was willful and outrageous, perpetrated with reckless indifference to the rights of others.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

     i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

     ii.     All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages;

D.     Attorney fees;

E.     The costs of this action including, but not limited to, expert fees;

F.     Enjoining Defendants from using Plaintiffs name and the likeness and/or tradename; and

G.     Such other and further relief as the Court deems proper.

### COUNT X – Saurav Ghosal – Common Law Unfair Competition

59.     Plaintiff Ghosal incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

60.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

61.     Defendants' acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the common law of the State of Illinois in that Defendants' actions created a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince.

62.     Defendants' conduct in violation of the common law of the State of Illinois was willful and outrageous, perpetrated with reckless indifference to the rights of others.

WHEREFORE, Plaintiff, SAURAV GHOSAL, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

    i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

    ii.    All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages;

D.     Attorney fees;

E.     The costs of this action including, but not limited to, expert fees;

F.     Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename; and

G.     Such other and further relief as the Court deems proper.

## COUNT XI – James Willstrop – Common Law Unjust Enrichment

63.     Plaintiff Willstrop incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

64.     Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

65.     As a result of Defendants' unfair methods of competition and unfair or deceptive acts or practices in violation of the common law of the State of Illinois in that Defendants' actions created a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince, Defendants have received revenues or saved costs which that would not otherwise received or saved.

66.     Defendants have no right to any revenues or savings resulting from their false advertisements and misappropriation of Plaintiff's publicity rights and likeness.

67.     Defendants' conduct in violation of the common law of the State of Illinois was willful and outrageous, perpetrated with reckless indifference to the rights of others.

WHEREFORE, Plaintiff, JAMES WILLSTROP, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

    i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement;

   ii.  All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.  Punitive damages;

D.  Attorney fees;

E.  The costs of this action including, but not limited to, expert fees;

F.  Enjoining Defendants from using Plaintiffs' name and the likeness and/or tradename; and

G.  Such other and further relief as the Court deems proper.

<u>**COUNT XII – Saurav Ghosal – Common Law Unjust Enrichment**</u>

68.  Plaintiff Ghosal incorporates the allegations of Paragraphs 4 through 24 as if fully set forth herein.

69.  Pursuant to Paragraph 18 of the Player Contract, Prince was to "immediately and completely cease using the Player's Endorsement" and was not to "thereafter use or refer the Player's Endorsement for advertising and promotional purposes whatsoever".

70.  As a result of Defendants' unfair methods of competition and unfair or deceptive acts or practices in violation of the common law of the State of Illinois in that Defendants' actions created a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, endorsement, approval, affiliation, connection or association with Prince, Defendants have received revenues or saved costs which that would not otherwise received or saved.

71.  Defendants have no right to any revenues or savings resulting from their false advertisements and misappropriation of Plaintiff's publicity rights and likeness.

72.  Defendants' conduct in violation of the common law of the State of Illinois was willful and outrageous, perpetrated with reckless indifference to the rights of others.

WHEREFORE, Plaintiff, SAURAV GHOSAL, respectfully requests that this Honorable Court enter judgment against the Defendants jointly and severally, for:

A.     Compensatory damages in the form of damage to reputation;

B.     An accounting for, and payment to the Plaintiffs as actual damages, including but not limited to, all of the following sums:

     i.     All gains, profits and advantages derived by Defendants as a result of their unfair trade practices; unfair competition; and false endorsement; and

     ii.    All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's tradename and name and likeness;

C.     Punitive damages;

D.     Attorney fees;

E.     The costs of this action including, but not limited to, expert fees;

F.     Enjoining Defendants from using Plaintiffs name and the likeness and/or tradename; and

G.     Such other and further relief as the Court deems proper.

### Jury Trial Demanded

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

By: /s/ Howard B. Randell
    One of the attorneys for Plaintiffs

Howard B. Randell (hbr@lefltd.com)
Robert Ostojic (ro@lefltd.com)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Tel.:   (312) 368-4554
Fax:    (312) 368-4562
\\lefpl\prolaw files\documents\james willstrop and saurav ghoesel\17254\pleadings\335083.docx