IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WILLSTROP, and SAURAV GHOSAL,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCE MARKETING LLC, PRINCE GLOBAL SPORTS LLC, WAITT BRANDS, ATHLETIC BRANDS HOLDING COMPANY, and AUTHENTIC BRANDS GROUP,<br><br>Defendants. | 8:17CV350<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Extension of Time, ECF No. 80, filed by Plaintiffs James Willstrop and Saurav Ghosal.

On October 12, 2017, Defendants Prince Global Sports LLC, Wait Brands, and Authentic Brands Group, filed their Motion to Dismiss, ECF No. 70. Per Federal Rules of Civil Procedure 6 and 7, and NECivR 7.1(b)(1)(B), Plaintiffs' opposition brief was due on November 2, 2017.

On November 15, 2017, Plaintiffs filed the present motion seeking an extension of time to file an opposing brief by December 15, 2017. Plaintiffs did not file a brief accompanying the motion. In the motion, Plaintiffs state that their counsel contacted the "Clerk's Office for the District of Nebraska" "[u]pon receipt of Defendant's Motion." ECF No. 80 ¶ 2, Page ID 561. Plaintiffs state that their counsel "inquir[ed] with regard to a briefing schedule for Defendants' Motion to Dismiss and was advised that such a schedule would be forthcoming." *Id.* Plaintiffs state that, on November 15, 2017, their

counsel "again contacted the Clerk's office and was advised that [Plaintiffs'] response to Defendants' Motion to Dismiss would have been due on November 2, 2017." *Id.* ¶ 3.

NECivR 7.1(b)(1)(B) states that "[a] brief opposing a motion to dismiss . . . must be filed and served within 21 days after the motion and supporting brief are filed and served." Because this rule clearly supplies the time for responding to a motion to dismiss, the Court does not issue briefing schedules for dispositive motions on an individual basis as a matter of course.

Plaintiffs state that their counsel was misinformed by the Clerk's Office that a briefing schedule would be forthcoming. Plaintiffs specify neither the date counsel contacted the Clerk's Office, nor the person with whom they spoke. Most notably, Plaintiffs do not offer any explanation as to why their counsel failed to become acquainted with the Court's local rules, available on the Court's website. Plaintiffs offer a conclusory assertion that Defendants will not be prejudiced by the proposed extension, but fail to state whether the motion is opposed or unopposed.

Plaintiffs moved for an extension to December 15, 2017. Plaintiffs do not explain why they require such a prolonged period to respond to Defendant's Motion, when the response had been due on November 2, 2017. Although the Court does not find Plaintiffs' neglect to be excusable, the Court will grant the Motion for Extension of Time, in part, and Plaintiffs will respond to the Motion to Dismiss by November 29, 2017. Accordingly,

IT IS ORDERED:

1. The Motion for Extension of Time, ECF No. 80, filed by Plaintiffs James Willstrop and Saurav Ghosal, is granted, in part, as follows:

    a. Plaintiffs will respond to the Motion to Dismiss, ECF No. 70, by November 29, 2017, and;

    b. The Motion for Extension of Time is otherwise denied.

Dated this 22nd day of November, 2017.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          Chief United States District Judge