UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

JAMES WILLSTROP, SAURAV GHOSAL, )
NICOL DAVID AND Camille SERME )
)
      Plaintiffs, )
)
  v. )  Case No.: 17-CV-00350-LSC-CRZ
)
PRINCE MARKETING LLC, PRINCE GLOBAL )
SPORTS LLC, PRINCE SQUASH, LLC )
WAITT BRANDS, LLC, ATHLETIC )
BRANDS HOLDING COMPANY and )
AUTHENTIC BRANDS GROUP, LLC )
)
      Defendants. )
_____)

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiffs James Willstrop, Saurav Ghosal, Nicol David and Camille Serme. ("Plaintiffs") and Defendants, Prince Marketing, LLC, Prince Global Sports, LLC, Prince Squash, LLC, Wait Brands, LLC and Authentic Brands Group, LLC ("Defendants") agree that during the course of this action certain information and/or documentation may be produced which raise issues related to rights of privacy, trade secrets, or confidentiality. Plaintiffs and Defendants ask that a confidentiality and protective order be entered by this Court and that said order protect confidential information from inappropriate disclosure. Plaintiffs and Defendants have therefore stipulated that this confidentiality and protective order (the "Protective Order") may be entered by the Court and that it shall govern all confidential information produced in these proceedings. By entering this Protective Order, the Court does not intend to create any presumption with

regard to the actual confidentiality of any information or documents, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Accordingly,

IT IS HEREBY ORDERED that the parties' motion, (Filing No. 102), is granted as follows:

1. <u>Definition of Confidential Information.</u>

"Confidential Information" as used herein means any type or classification of information which is designated as CONFIDENTIAL by the supplying party, whether it be documents, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this litigation. Materials designated as CONFIDENTIAL may be disclosed only to persons described in Paragraphs 3(A), 3(B), 3(C) and 3(D). In designating information as CONFIDENTIAL, a party will make such designation only as to that information the party in good faith believes contains confidential information.

2. <u>Designation of Confidential Information.</u>

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, each thing or portion thereof, and each answer to a request for admission or portion thereof, which in good faith is deemed by counsel for a party to disclose confidential information of that party, shall be so identified and marked CONFIDENTIAL by that party's counsel.

Such identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served on the requesting party; (b) in the case of another document, when a copy of the document is provided to another party; or (c) in the case of an inspection of premises or things, either orally on the record at the time of the inspection (if there is a record of the inspection to be transcribed), or in a written notice delivered to counsel for the other party within ten (10) days

after the inspection. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as Confidential and may be used only in accordance with such designation under this Protective Order. Unless identified and marked or designated in accordance with this paragraph, any confidentiality is waived, unless otherwise stipulated or ordered or inadvertent disclosure corrected pursuant to the terms of this Order.

3. <u>Treatment of Confidential Information and Persons Entitled to Access.</u>

Until and unless the Court rules that any information, document or thing designated as CONFIDENTIAL is not confidential information or may be disclosed beyond the limits permitted by this Protective Order, access, copying and dissemination of such information, documents and things shall be limited to the following persons:

A. Attorneys of record in this litigation and staff and supporting personnel of such attorneys, and in-house counsel who are working on this litigation;

B. The parties to this case;

C. Experts and consultants such as independent accountants, statisticians; economists, or technical experts, employed in this proceeding by a party or its attorneys of record, provided, however, that (1) such expert or consultant has agreed in writing in the form attached hereto as Exhibit "A" to be bound by the terms of this Protective Order; and (2) each such expert agrees to not disclose, disseminate or provide access to the other party's confidential information;

D. Stenographers, court clerks, and other court personnel employed by the court; persons taking and recording depositions and their staff; service bureaus performing tasks including, but not limited to, copying, document control, computer data entry; and persons designated by the Court or by agreement of all parties.

4. <u>Restrictions on Use and Dissemination of Designated Information.</u>

All information produced by a party in the course of this litigation, including, but not limited to, information designated as CONFIDENTIAL pursuant to this Protective Order, shall be used by the receiving party solely for the purpose of this litigation. Any person receiving information designated CONFIDENTIAL pursuant to the provisions of this Protective Order shall be advised of this Protective Order. Any person, other than an attorney of record and the staff and support personnel of such attorney and the Court and its personnel, to whom all or any part of information designated under this Protective Order is shown, shall agree to be bound by its terms prior to such disclosure by signing the form attached hereto as Exhibit "A."

5. <u>Certain Information Not Subject to Scope of Order.</u>

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is properly acquired from a third party having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of confidential information. The burden of proving that information falls within the scope of one or more of the exceptions provided for in this paragraph shall fall on the receiving party.

6. <u>Exceptions by Order or by Agreement by Parties.</u>

Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders such disclosure.

7. <u>Inadvertent or Unintentional Disclosure</u>.

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

Furthermore, the inadvertent or unintentional disclosure or production of any document or information designated under this Protective Order shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production.

8. <u>Challenges to Designations</u>.

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that either party to this litigation disagrees at any point in these proceedings

with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

9. <u>Filings of Briefs, Affidavits, Trial Exhibits, or Papers Containing Designated Information</u>.

In any document or motion to be filed with the Court, prior to making reference to or appending a document designated as CONFIDENTIAL by another party under this Protective Order, and prior to referencing or disclosing any information provided or contained within any such document, a party shall provide notice to all parties of this intent to reference or append such document or to disclose such information at least (5) business days prior to the filing, along with copies of confidential documents it proposes to file or disclose to the Court. The producing or disclosing party which designated the document "confidential" may then object to providing notice of its objection to all parties, and by filing an appropriate motion with the Court to seek adequate protections relating to the confidentiality of the document or information at issue. Upon receiving notice of such objection, the party wishing to append the document or reference the information at issue shall not submit the document or disclose the information to the Court until the objection or motion is ruled upon by the Court.

Upon the exchange of trial exhibits, if a party designates as a trial exhibit a document that has been designated by another party as CONFIDENTIAL under this Protective Order, the party that that designated the document as CONFIDENTIAL hereunder expressly reserves all rights to file an appropriate motion with the Court to seek adequate protections relating to the confidentiality of such document. Upon the filing of such a motion, no party may disclose or

submit the CONFIDENTIAL exhibit at trial or otherwise until such motion is addressed by the Court.

10. <u>Modification of Confidentiality and Protective Order.</u>

A party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to modification of this Protective Order. The Court may modify this Order on terms it deems just without regard to the parties' agreement to it. The parties may, by written stipulation, provide for exceptions to this Order.

11. <u>Destruction of Confidential Information.</u>

Within thirty (30) days after the final conclusion of this litigation, including all appeals, all originals and reproductions of any documents produced and designated under this Protective Order by a party shall be destroyed by the receiving party. Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and litigation exhibits and work product after final conclusion of this litigation.

12. <u>Continuing Effect.</u>

Insofar as the provisions of this Protective Order entered in this action restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Protective Order.

13. <u>Advice to Client Based on Confidential Information.</u>

Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's or parties' examination of designated information.

14. <u>Discovery Objections, Claim of Privilege</u>.

It is not the intention of this Protective Order to deal with any discovery objections to produce, answer or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

15. <u>Examination of Witnesses Regarding Confidential Information</u>.

Notwithstanding any of the provisions of this Order, any witness giving testimony in this litigation and his counsel of record may be shown, and questioned, concerning any document designated as CONFIDENTIAL only after agreeing, in writing by signing Exhibit "A" to this Order, to keep said CONFIDENTIAL information confidential. Nothing in this Order shall preclude a certified reporter retained to transcribe depositions or litigation proceedings in this litigation from access to designated materials during litigation proceedings or depositions in this litigation.

16. <u>Treatment of Confidential Information Produced by Third Parties</u>.

If in the course of this action discovery is sought from third parties which would require such parties to disclosure and/or produce CONFIDENTIAL information, such third parties may gain the protection of this Protective Order by notifying counsel for the parties to this case, in writing, that such third parties agree to be bound by this Order and will produce documents or information pursuant to this Order, and by designating information as CONFIDENTIAL by the

procedures prescribed in this Order. No further order of this Court shall be necessary to extend the protection of this Order to third parties.

July 11, 2018.

BY THE COURT:

*Cheryl R. Zwart*
Cheryl R. Zwart
United States Magistrate Judge

# EXHIBIT "A"

I, _____, hereby acknowledge that I am about to receive confidential information supplied in connection with Case No. 17-CV-00350-LSC-CRZ; *James Willstrop, et al. v. Prince Marketing, LLC, et al,.* in the United States District Court for the District of Nebraska. I certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Agreed Confidentiality and Protective Order (the "<u>Protective Order</u>") entered in this matter. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that confidential information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____  _____
Signature                                                                         Date

_____
Print Name

4839-6263-5372, v. 1