IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WILLSTROP, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>PRINCE MARKETING LLC, et al.,<br><br>    Defendants. | 8:17CV350<br><br>**ORDER** |

After conferring with counsel, (Filing No. 109, audio file),

IT IS ORDERED:

1) As to the following written discovery served by Plaintiffs:

a) Interrogatories 3, 4, 5, 6, 7, 28, 30, and 34, (summarized as requesting "the names of individuals, employers, and positions held, with knowledge of or involvement in various aspects of each of the Prince entities").

Court's ruling: Per interrogatory (and the specific job task/responsibility described in that interrogatory), Defendants shall provide the names of the individuals, their employer(s) (if the individual was employed by more than one employer for the task listed, all employers must be identified), those individuals' last known address, and the position each individual held.

b) Interrogatory 19 ("State the Specific date that each Defendant ceased engaging in active new business for advertising, marketing, distributing, or selling Prince products").

Court's ruling: The Parties resolved this request prior to the hearing.

c) Interrogatory 22 (asking "Defendants to clarify how they are unaware that Prince Marketing LLC did not have any 'fee paying clients'").

Court's ruling: Defendants shall clarify their response to state "Prince Marketing LLC did not have any fee-paying clients, ever."

d) Interrogatory 25 ("requests that Defendants describe, in detail, the specific services or products it sold or otherwise provided to each of its clients, specifying the client and the dates of service from the time that it entered into written agreements with Plaintiffs to date"):

Court's ruling: Plaintiffs concede that Defendants' Bates-numbered documents 231-493 (all products), with 504-534 (narrowed to Squash products) fully respond to Interrogatory 25.

e) Interrogatory 26 ("requests that Defendants clarify their answer to the Interrogatory. Specifically, how does any defendant not know who owned the Prince logo/trademark? How is the information found in the public record but not within any Defendants' records?").

Court's ruling: Defendants have produced Defendants' Bates-numbered documents 561-650 in response. The parties shall review the licensing agreement recently received by defense counsel. If a discovery dispute remains after that review and the parties cannot resolve that dispute without court intervention, the parties shall promptly contact my chambers for further assistance.

f) Request for Production 1 ("Federal and State Income Tax Returns for each Defendant").

Court's ruling: The Prince Defendants shall produce their federal income tax returns for the years 2014 to present. If the returns cannot be located, Defendants shall provide a statement under oath explaining the efforts expended to locate the returns, including who was contacted (including any accountants by name and address),

when those contacts were made, and the result of making those contacts.

As to Defendant ABG, the parties shall review the licensing agreement recently received by defense counsel, and if a discovery dispute remains after that review and the parties cannot resolve that dispute without court intervention, the parties shall promptly contact my chambers for further assistance.

g) Request for Production 4 ("Year-end financial statements for each Defendant").

Court's ruling: Defendants have disclosed Bates-numbered documents 544-560. The Prince Defendants shall produce their year-end financial statements (per defendant, if available) for the years 2014 to present. If such documents cannot be found or do not exist, Defendants shall provide a statement under oath stating as such.

As to Defendant ABG, the parties shall review the licensing agreement recently received by defense counsel, and if a discovery dispute regarding production of financial statements remains after that review, and the parties cannot resolve that dispute without court intervention, the parties shall promptly contact my chambers for further assistance.

2) Absent an order extending the deadline upon the joint motion of counsel, Defendants shall produce the discovery as required under paragraph (1) of this order by November 19, 2018.

3) On or before November 30, 2018, the parties shall submit their proposed motion to modify the case progression schedule.

October 29, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge