IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WILLSTROP, SAURAV GHOSAL, NICOL DAVID, and CAMILLE SERME,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCE MARKETING LLC, PRINCE GLOBAL SPORTS LLC, WAITT BRANDS, LLC, ATHLETIC BRANDS HOLDING COMPANY, AUTHENTIC BRANDS GROUP, LLC, PRINCE SQUASH, LLC, and COMPETITIVE SPORTS HOLDING COMPANY LLC,<br><br>Defendants. | 8:17CV350<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiffs' motion for leave to file their Fourth Amended Complaint. (Filing No. 161). For the reasons outlined herein, Plaintiffs' motion is granted.

BACKGROUND

On January 23, 2017, Plaintiffs James Willstrop and Saurav Ghosal initiated this action in the U.S. District Court for the District of Northern Illinois against Defendants Prince Marketing, LLC, Prince Global Sports, LLC, Waitt Brands, LLC, Athletic Brands Holding Company, and Authentic Brands Group, LLC. On January 26, 2017, Plaintiff filed an amended complaint as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1) (the "First Amended Complaint"). The First Amended

Complaint included all the same named plaintiffs and defendants as the original pleading.

On September 22, 2017, the litigation was transferred to the District of Nebraska on the parties' joint stipulation. ([Filing No. 46](#)). And on April 2, 2018, Plaintiffs filed an unopposed motion for leave to file a second amended complaint. ([Filing No. 91](#)). The court granted the motion, and Plaintiffs filed their Second Amended Complaint, adding Nicol David and Camille Serme as plaintiffs, and Prince Squash, LLC as a defendant. ([Filing No. 93](#)).

Eight months later, on December 21, 2018, Plaintiffs requested leave to file their third amended complaint. ([Filing No. 115](#)). Defendants did not file a response or otherwise object to Plaintiffs' motion, and the court granted it as unopposed. (Filing No. 117). Plaintiffs filed their Third Amended Complaint on January 7, 2019, adding as defendants: (1) WaittCorp Investments, LLC d/b/a/ the Waitt Company; (2) Waitt Capital, LLC; and (3) Competitive Sports Holding Company, LLC f/k/a Athletic Brands Holding Company.

In response to Plaintiffs' Third Amended Complaint, Defendants moved for dismissal of certain claims and parties under Rule 12. (Filing Nos. [119](#), [132](#) and [134](#)). On July 1, 2019, the court granted the various motions, dismissing the Illinois state law claims alleged in Plaintiffs' Third Amended Complaint while also dismissing both Waitt Capital, LLC and WaittCorp Investments, LLC d/b/a Waitt Company as parties to the suit. ([Filing No. 149](#)). Competitive Sports Holding Company, LLC remains a party to this action.

On November 8, 2019, Plaintiffs requested leave to file a Fourth Amended Complaint, arguing recent deposition testimony had revealed the necessity of certain additional defendants: ABG Intermediate Holdings 1 LLC; ABG

Intermediate Holdings 2 LLC; and ABG-Prince, LLC. (Filing No. 155). That motion was ultimately withdrawn. (Filing No. 160). However, on February 4, 2020, Plaintiffs again moved to amend, attaching a modified, proposed Fourth Amended Complaint. (Filing No. 161). The renewed motion for leave to file a Fourth Amended Complaint is the motion currently before the court and requests the addition of two defendants: ABG-Prince, LLC and ABG-Prince Opco, LLC. (Id).

To summarize, Plaintiffs are requesting leave to file their fifth pleading iteration, in a pleading process that has spanned more than three years and across two federal districts. Yet, notwithstanding the protracted timeline, and the multiple previous amendments, the federal rules counsel in favor of granting leave to amend Plaintiffs' complaint.

ANALYSIS

Plaintiffs' request is governed by Fed. R. Civ. P. 15(a)(2). As noted above, this matter was transferred to the District of Nebraska on September 22, 2017. (Filing No. 46). Thereafter, the court set a pleading amendment deadline of April 2, 2018. (Filing No. 90). On March 1, 2019, however, and in light of Plaintiffs' Third Amended Complaint, the court vacated the previous progression deadlines to be reset based on the needs of the case. (Filing No. 131). No additional pleading deadline was requested by the parties or set by the court. As a result, no subsequent scheduling order explicitly limited the time in which the parties could move to add parties or amend their claims.

The court will therefore analyze Plaintiffs' request under the liberal Rule 15(a) amendment standard rather than the good cause standard in Rule 16(b). Compare Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend]

3

when justice so requires."), with Fed R. Civ. P. 16(b) ("A schedule may be modified only for good cause…[.]").

Under Rule 15(a), "absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). Defendants claim that Plaintiffs' proposed pleading amendment is the result of improper delay and will unduly prejudice Defendants. Defendants further argue futility – alleging that there is no personal jurisdiction over the additional defendants and venue is not proper in this district.

I. Undue Delay and Prejudice

Defendants argue that the two additional defendants included by Plaintiffs in its proposed Fourth Amended Complaint were known to, or should have been known to, Defendants since as early as 2018. Therefore, Defendants contend, Plaintiffs' attempt to add parties at this late juncture is the result of undue delay. (Filing No. 166 at CM/ECF p. 18). Conversely, Plaintiffs claim that they only fully understood after the deposition of ABG general counsel Jay Dubiner on January 9, 2020 that the two additional defendants—ABG-Prince, LLC, and ABG-Prince Opco, LLC—were necessary parties. (Filing No. 162 at CM/ECF p. 3-4).

Plaintiffs' briefing indicates that the Dubiner deposition testimony "finally unlocked the mystery behind the organization, structure, operation, and purpose of the ABG, LLC entities." (Id. at CM/ECF p. 4). Defendants argue, however, that documents previously produced, namely the "Inventory Purchase Agreement" and "License Agreement" referenced in the Fourth Amended Complaint, were given to

4

Plaintiffs in 2018 and "very clearly spell out ABG-Prince, LLC and ABG-Prince OPCO, LLC's existence and function." (Filing No. 166 at CM/ECF p. 19).

The court need not determine whose characterization is correct. "[D]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." Union Pac. R. Co. v. Herzog Contracting Corp., 2008 WL 345801, at *1 (D. Neb. Feb. 5, 2008) (citing Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir.2004)); see also Watkins v. Otoe Cty., Nebraska, 2017 WL 2559918, at *2 (D. Neb. June 13, 2017) ("Mere delay is not a reason in and of itself to deny leave to amend. There must be found some prejudice which would result to others if leave were to be granted.") (internal citation omitted). And here, there does not appear to exist the type of undue prejudice that would support denying the motion.

The Eighth Circuit has acknowledged that prejudice may be present "when late tendered amendments involve new theories of recovery and impose additional discovery requirements...[.]" Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir.1998). Even still, the court must determine whether allowing the amendment would require "significant additional resources [for] discovery and trial preparation" or would "significantly delay resolving the dispute." Jewish Fed'n of Lincoln, Inc. v. Rosenblatt, 2018 WL 6171816, at *1 (D. Neb. Nov. 26, 2018) (citing Long v. Wilson, 393 F.3d 390, 400 (3rd Cir. 2004)) (emphasis added).

Although the request for leave comes at an inarguably late stage, no additional claims were added, and no additional discovery is anticipated. As Plaintiffs note,

> Dubiner is the lone designated representative of all that is ABG, LLC and its wholly owned subsidiaries, ABG-Prince and ABG Opco[.] [T]here would be no additional burden placed upon existing Defendants since their trial witnesses would not change. Most importantly, permitting Plaintiffs' proposed amendment will not require

> the parties to conduct any further written discovery nor will the parties be required to identify or depose any additional witnesses from the newly added parties. The proposed amendment likewise does not include any new theories of recovery.

([Filing No. 175 at CM/ECF p. 4](#)). Defendants do not address whether they will ask for additional discovery, but simply indicate that allowing Plaintiffs leave to amend "will serve to unduly prejudice the Defendants by requiring the Defendants to expend even more resources and incur further legal fees." ([Filing No. 166 at CM/ECF p. 166](#)). That is insufficient. The party opposing the amendment has the burden of proof of prejudice. [Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001)](#) (quoting [Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987)](#)). Defendants have not offered argument or evidence of any significant prejudice that would counsel against allowing Plaintiffs leave to amend. See, e.g., [United States v. Vorachek, 563 F.2d 884, 885 (8th Cir.1977)](#) (eleven-month delay in filing amended complaint not sufficient grounds for denying leave to amend absent any prejudicial effect).

In sum, there has not been a sufficient showing of delay or prejudice that would support denying Plaintiffs' motion to amend under Rule 15(a)'s liberal standard.[1]

---

[1] Defendants further indicate they will be prejudiced because the deadline for filing dispositive motions expired on February 28, 2020. ([Filing No. 166 at CM/ECF p. 4](#)). Certain Defendants moved for summary judgment on the February 28, 2020 deadline. (Filing Nos. 170 and 173). It would clearly be prejudicial to allow Plaintiffs to skirt dispositive motion practice by amending on the eve of the summary judgment deadline and then arguing that Defendants should not be allowed to reassert their motions as to the newly amended complaint. That does not, however, counsel against allowing this amendment. The dispositive motions deadline will be extended by the court by operation of this order. Allowing for that extension will not substantially delay these proceedings since trial is not set to commence until June 2020.

## II. Futility

Defendants additionally cite futility as grounds for denying Plaintiffs' motion for leave. Defendants claim that there is no personal jurisdiction over the two newly proposed defendants, and venue is not proper in this district. They therefore claim that any attempt to add those parties is futile and should be disallowed.

Futility is a valid basis for denying leave to amend. U.S. ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) (citing Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir.2005)). An amendment is futile if it is clearly insufficient or frivolous on its face. See, e.g., Perez v. World Fin. Grp., 2019 WL 6698178, at *1 (D. Ariz. Dec. 9, 2019) ("[L]eave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."); In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007) ("when a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion").

Defendants are not arguing that Plaintiffs have failed to state a claim under Rule 12(b)(6); rather, Defendants argue that addition of the new defendants would not survive under Fed. R. Civ. P. 12(b)(2) – for lack of personal jurisdiction. "[N]umerous courts have recognized that when faced with a personal jurisdiction challenge to a motion for leave to amend, a court should presume that it has personal jurisdiction." Jalin Realty Capital Advisors, LLC v. A Better Wireless, 2011 WL 13136511, at *3 (D. Minn. Aug. 30, 2011) (collecting cases). "Where the court could conceivably have personal jurisdiction over a defendant sought to be added via an amended complaint, the court should not deny leave to amend based on futility." Harben v. Amer Sports Co., 2010 WL 4978021, at *4 (E.D. Pa. Dec. 8,

7

2010). This is true even if the court "has concerns" regarding personal jurisdiction of defendants proposed in the amended pleading. Speedsportz, LLC v. Menzel Motor Sports, Inc., 2008 WL 4632726, at *2 (N.D. Okla. Oct.17, 2008).

Plaintiffs make various arguments in favor of jurisdiction, including waiver by Defendants and that the court should exercise its equitable power to pierce to corporate veil and find jurisdiction over "shell subsidiaries." (Filing No. 175 at CM/ECF p. 4). The court will not reach the merits of those arguments here and declines to make a legal determination as to jurisdiction. Those questions are better suited for full briefing on a substantive motion. See, e.g., Schindler Elevator Corp. v. Otis Elevator Co., 2009 WL 1351578, at *4 (D.N.J. May 14, 2009) ("Whether the Court has personal jurisdiction over the newly named counterclaim-defendant is more appropriately addressed in a fully developed motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2). Thus, the Court finds that the proposed amended counterclaim is not futile for lack of personal jurisdiction.")

Therefore, for the reasons stated, the court declines to find the amendment futile at this procedural stage.

Accordingly, IT IS ORDERED:

1) Plaintiffs' motion for leave to amend, (Filing No. 161), is granted. On or before April 3, 2020, Plaintiffs shall file their Fourth Amended Complaint, a copy of which is attached to their motion. Plaintiffs shall immediately serve the Fourth Amended Complaint on the newly named defendants.

2) As to Plaintiffs' motion to stay the summary judgment deadlines, (Filing No. 177):

    a. The Defendants may choose to withdraw their pending motions for summary judgment, (Filing Nos. 170 and 173), without

prejudice to re-filing summary judgment motions or motions to dismiss within 20 days after the newly added defendants are served. Any motion to withdraw the pending summary judgment motions shall be filed by April 8, 2020.

b. If Defendants do not move to withdraw the pending summary judgment motions, Plaintiffs' response thereto shall be filed on or before April 22, 2020.

Dated this 1st day of April, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge