IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WILLSTROP, SAURAV GHOSAL, NICOL DAVID, and CAMILLE SERME,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCE MARKETING LLC, PRINCE GLOBAL SPORTS LLC, WAITT BRANDS, LLC, ATHLETIC BRANDS HOLDING COMPANY, AUTHENTIC BRANDS GROUP, LLC, PRINCE SQUASH, LLC, and COMPETITIVE SPORTS HOLDING COMPANY LLC,<br><br>Defendants. | 8:17CV350<br><br>ORDER |

On February 4, 2020, Plaintiffs filed a motion for leave to file a fourth amended complaint, (Filing No. 161), which was subsequently granted by the court, (Filing No. 183). Plaintiffs' motion sought leave "to add ABG-Prince, LLC ("ABG Prince") and ABG Prince Opco, LLC ("ABG Opco") as additional party defendants." (Filing No. 161 at CM/ECF p. 1). Plaintiffs attached a copy of their proposed amended complaint to their contemporaneously filed supporting brief. (Filing No. 162-2).

Defendants opposed the amendment. (Filing No. 166). Defendants claimed that Plaintiffs' proposed pleading amendment was the result of improper delay and will unduly prejudice Defendants. Defendants further argued futility – alleging that there is no personal jurisdiction over the additional defendants and venue is not proper in this district. (Id). Ultimately, the court found that the liberal standard for

amendment contained in Fed. R. Civ. P. 15(a) counseled in favor of allowing the proposed amendment. ([Filing No. 183 at CM/ECF pp. 5-6](#)).

In granting the requested leave, the court ordered Plaintiffs to file their fourth amended complaint of record by April 3, 2020. ([Id. at CM/ECF p. 8](#)). The court specifically allowed leave to file the proposed complaint "a copy of which is attached to their motion." ([Id](#)).

Plaintiffs, however, did not file the complaint they proposed. On April 1, 2020, Plaintiffs filed an amended complaint that added ABG Intermediate Holdings 1 LLC ("ABG 1") and ABG Intermediate Holdings 2 LLC ("ABG 2") as additional defendants. As noted hereinabove, Plaintiff's most recent motion for leave only sought leave to add ABG Prince and ABG Opco as additional party defendants. (Filing Nos. 161 and 162-2). Interestingly, ABG Prince is included in the caption of Plaintiffs' new complaint, but not identified as a defendant in the body, and ABG Opco is not even mentioned—perplexing developments given Plaintiffs' extensive briefing claiming that their eleventh-hour amendment was warranted because ABG Prince and ABG Opco were necessary to this litigation.

Still, the court was prepared to treat this inappropriate filing as a mistake. Indeed, Plaintiffs had previously requested leave to file a fourth amended complaint to add ABG 1 and ABG 2 as parties in November 2019, before ultimately withdrawing that request. (Filing Nos. 155 and 160). It seemed likely on those facts that Plaintiffs had mistakenly filed their first proposed fourth amended complaint rather than the complaint attached to their renewed motion. However, the newly filed complaint, while substantially similar, is not identical to the November 2019 iteration. So, it does not appear that the newly filed complaint was the product of a simple filing error.

Plaintiffs seem to be under the false impression that the court granted them leave to file any amended pleading they wished to file. However, the plain language of the order allowed leave only as to the specific, proposed complaint that accompanied the motion. (Filing No. 183 at CM/ECF p. 9). Moreover, Defendants were not given the opportunity to oppose, nor was the court given the opportunity to address, the addition of ABG 1 and ABG 2 as new defendants. As a result, the court will strike Plaintiffs' amended complaint at Filing No. 184.

Plaintiffs and their counsel are cautioned to comply with orders of this court going forward. If they fail to do so, the court will impose and enforce appropriate sanctions.

Accordingly,

IT IS ORDERED:

1) On the court's own motion, the Clerk is directed to strike Plaintiff's Fourth Amended Complaint (Filing No. 184), as filed without leave of the court.

2) On or before April 8, 2020, Plaintiffs are granted leave to file, separately of record, the proposed Fourth Amended Complaint that accompanied their motion for leave at Filing No. 162-2.[1]

3) No additional motion for leave to amend the pleadings will be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the proposed amendment. Additional

---

[1] In light of the court's order allowing the unopposed dismissal of Waitt Brands, LLC as a defendant, Plaintiffs may modify the pleading attached to their motion for leave at Filing No. 162-2 to exclude Waitt Brands as a defendant. No other changes to the substance of their proposed complaint will be permitted at this time.

pleading amendments will only be allowed on a substantial showing of good cause.

4) Defendant Authentic Brands Group, LLC's motion to withdraw its pending motion for summary judgment ([Filing No. 187](#)) is granted. The motion for summary judgment ([Filing No. 170](#)) is withdrawn, without prejudice to re-filing summary judgment motions or motions to dismiss within 20 days after the newly added defendants are served with the correct Fourth Amended Complaint.

Dated this 6th day of April, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge