IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WILLSTROP, SAURAV GHOSAL, NICOL DAVID, and CAMILLE SERME,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCE MARKETING LLC,  PRINCE GLOBAL SPORTS LLC,  AUTHENTIC BRANDS GROUP, LLC,  PRINCE SQUASH, LLC,  ABG-PRINCE, LLC, and  ABG-PRINCE OPCO, LLC,<br><br>Defendants. | **8:17CV350**<br><br><br>**ORDER** |

On February 4, 2020, Plaintiffs filed a motion for leave to file a fourth amended complaint, (Filing No. 161), which was subsequently granted by the court, (Filing No. 183). In support of their motion for leave, Plaintiffs filed an index of evidence with six (6) exhibits. (Filing No. 162-1). The first three exhibits, Plaintiffs' Proposed Fourth Amended Complaint (Ex. 1), Authentic Brands Group, LLC Answers to Plaintiffs' Interrogatories (Ex. 2), and Deposition Transcript of Jay Dubiner (Ex. 3), are attached to Plaintiffs' supporting brief. (Filing Nos. 162-2, 162-3 and 162-4). The remaining exhibits were filed separately, under seal, at Filing Nos. 163-165.

The Nebraska Civil Rules require the party "seeking to file a sealed document or object must electronically file a motion to seal. The motion must state why sealing is required and whether redaction could eliminate or reduce the need for sealing." NECivR 7.5(a)(1). A motion to seal is not required if "the document or object is already subject to a protective order or included within a category of

documents or objects considered sealed under a federal statute or rule of procedure, local rule, or standing order of this court." Id.

Here, no motion to seal Filing Nos. 163-165 was filed. And on an independent review of the parties' stipulated protective order (Filing No. 103), the court did not identify any provision that would allow a party to file documents under seal, even documents designated confidential under the terms of the protective order, without first seeking leave of court. The court has likewise not identified any statute, procedural or local rule, or standing order that would operate to automatically seal these documents.

Based on the review of the documents filed under seal, the court will require Plaintiffs to provide an explanation of "why sealing is necessary." NECivR 7.5(a)(1). If Plaintiffs believe that the parties' stipulated protective order provides an automatic right to file sealed documents, they should so state in their response to this order as well. After review of Plaintiffs' response hereto, the court will determine whether sealing the documents is necessary or whether some other protective categorization—restricted access to case participants only or redaction of sensitive information—is more appropriate. NECivR 7.5(a)(3).

Finally, the court notes that the documents in dispute appear to be contractual agreements executed by the various defendants in this matter. So, even if the documents are confidential as to the public's review, it is unclear why restricted access to the parties and court only, rather than sealing, is not the correct designation. The defendants presumably already have their own contracts. If restricted access rather than public access is the proper designation, the court will change the designation and regenerate the notice of electronic filing so that all parties, including the defendants, can see what the court has reviewed.

Accordingly,

IT IS ORDERED that Plaintiffs are given until April 17, 2020 to show cause why the documents at Filing Nos. 163, 164 and 165 should remain sealed. Failure to timely comply with this order will result in <u>sua sponte</u> review and possible re-designation of Filing Nos. 163-165 as either available to the public or to all parties and the court under restricted access.

Dated this 11th day of April, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge